No. ——

First Circuit Appeal

——

FRED FRANKS v. POLICE JURY OF LIVINGSTON PARISH, ET AL.

——

(March 3, 1925, Opinion and Decree.)

——

(*Syllabus of the Editor.*)

1. Louisiana Digest—Prescription—Par. 89.

Laborer's wages are prescribed by one year. Article 3534 of the Civil Code.

2. Louisiana Digest — Prescription—Par. 170, 180; Pleading—Par. 63.

Interruption of prescription of laborer's wages is not shown in a petition which does not allege that the party who gave the checks which are alleged to be an acknowledgment of the debt was liable for the debt, or had authority to pay the debt. Under the circumstances a plea of prescription was sustained.

3. Louisiana Digest—Courts—Par. 8.

Under Article 162 of the Code of Practice a defendant must be sued at his domicile. Therefore, a suit filed in Livingston parish alleging that defendant resides in Tangipahoa parish, was correctly dismissed on defendants' exception to the jurisdiction.

Appeal from the Parish of Livingston. Hon. Columbus Reid, Judge.

This is a suit to collect laborer's wages alleged under a contract from the Police Jury of Livingston Parish, L. A. Loustalot, U. S. Fidelity & Guaranty Company, Creasaps Brothers and O. W. Herring, jointly and in solido.

There was a plea of prescription filed and maintained for all defendants except O. W. Herring. An exception to the jurisdiction was filed and maintained as to O. W. Herring.

Plaintiff appealed. Judgment affirmed.

A. S. Burns, of Franklinton, attorney for plaintiff, appellant.

W. S. Rownd, of Hammond, and S. S. Reid, of Amite, attorneys for defendants, appellants.

LECHE, J. Plaintiff charges in substance in his petition, that the Police Jury of Livingston parish, as the governing body of a road district in said parish, entered on July 9, 1921, into a contract with Peterman & Loustalot to build certain roads in consideration of over two hundred thousand dollars; that no bond for performance was recorded in the records of the parish; that Peterman & Loustalot assigned the contract to Loustalot individually; that Loustalot subsequently, employed Creasaps Brothers to build that portion of the road going through "Clio Swamp"; that no bond was given by the sub-contractor; that O. W. Herring became interested in said sub-contract or became purchaser of said sub-contract or became purchaser of the pay-roll due the sub-contractors; that certain laborers were employed by and worked for the sub-contractor in building the "Clio Swamp" road, between the dates of April 29, 1923, and May 31, 1923, whose claims amount to $340.40; that he furnished teams which did hauling and cartage in the construction of said road, approximately within the aforesaid dates, under the employment of Creasaps Brothers amounting to the sum of $406.40; that O. W. Herring under date of June 9, 1923, issued a check to petitioner, for his claim, in the sum of $406.40; that on July 9, 1923, he issued checks to the aforesaid laborers for their aforesaid claims; that an affidavit made June 25, 1923, by L. W. Ernest on behalf of said claimants, attesting the correctness of said laborers' claims, was filed with the Police Jury and with the Recorder of Mortgages; that in the month of April, 1923, Loustalot as principal, with the U. S. Fidelity and Guaranty Co., as surety, executed a bond in favor of the Police Jury of Livingston parish, for $18,000.00, conditioned for the payment of the work done on the "Clio Swamp" road; that at the same time the same principal and surety executed another bond in favor of said police jury, for $10,000.00 to secure the completion of the "Clio Swamp" road, and other roads in the parish; that no notice was ever filed of the acceptance of said road; that on or about April 4, 1923, said police jury accepted the bonds of $18,000.00 and $10,-000.00 and by resolution, cancelled all previous bonds given by Loustalot, which resolution it is averred had the effect of waiving prescription on the aforesaid claims; that on September 27, 1924, the aforesaid claims for labor were assigned to petitioner, in writing; that the failure of said Police Jury to cause its contract and bond with Peterman & Loustalot to be filed or recorded has caused said Police Jury to become liable as surety of the contractor, to the work—men, laborers and cartmen, for work on such road; that the failure of Loustalot to cause to be filed and recorded his contract with and bond from Creasaps Brothers, renders him liable to petitioner on said claims; that said O. W. Herring is liable to petitioner for said claims both as subrogee and contractor and because of his promise in writing to pay the debt of a third person; that by the acceptance of such work on May 6, 1924, by the Police Jury, the acceptance of payment by said contractor and because of the issuance of such checks, the said parties are estopped from denying liability, herein and from claiming that prescription started to run on such claims prior to May 6, 1924.

Wherefore plaintiff prays for judgment against the Police Jury, L. A. Loustalot, United States Fidelity and Guaranty Co., Creasaps Brothers and O. W. Herring jointly severally and in solido.

Defendant Herring, who is alleged to reside in the parish of Tangipahoa, filed an exception to the jurisdiction of the court of Livingston parish and the other defendants, the Police Jury of Livingston

parish, L. A. Loustalot, and the United States Fidelity and Guaranty Co., pleaded informality of the petition, no right or cause for action, misjoinder and non joinder of parties and the prescription of one year. Creasaps Brothers made no appearance.

The district court maintains the exception of Herring to its jurisdiction, and the plea of prescription filed by the other defendants.

Plaintiff has appealed.

Pretermitting all discussion as to the vague and inconsistent allegations of plaintiff's lengthy petition, we find no allegation of fact therein to sustain the alleged conclusion of law that defendants are estopped from denying liability or pleading prescription. There is no fact alleged which could render the defendants liable in solido; and even if Herring's checks were considered an acknowledgment, such acknowledgment is not binding on the other defendants.

It is impossible to say from the allegations of the petition whether Herring was primarily liable for the debts covered by the checks and there is no allegation that Herring had authority from the other defendants to legally acknowledge such debts. The allegations upon this subject are vague, uncertain, and of a hypothetical nature. The petition admits that Loustalot and Herring are residents of Tangipahoa parish and the suit was filed in the parish of Livingston.

Laborer's wages are prescribed by one year. C. C. Art. 3534. A defendant must be sued at his domicile. C. P. Art. 162.

Finding no error in the judgments appealed from, they should be affirmed and

It is so ordered.